UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  15-CV-4918 (FB)(VMS)
ERROL STAPLE,

                                Plaintiff,          JURY TRIAL
                                                DEMANDED

   -against-

                                                           **AMENDED**
THE CITY OF NEW YORK; NEW YORK CITY POLICE    **COMPLAINT**
DETECTIVE WILLIAM HORGAN of the 71th Precinct;
NEW YORK CITY POLICE OFFICERS JOHN DOE 1-4,
individually and in their official capacity (the names John Doe
being fictitious, as the true names and numbers are presently
unknown),

                                                                    ECF CASE
                                 Defendants.
------------------------------------------------------------------------X

     Plaintiff ERROL STAPLE, by his attorney CHRISTOPHER H. FITZGERALD, complaining of the defendants, respectfully alleges the following:

### I.    PRELIMINARY STATEMENT

1. Plaintiff ERROL STAPLE, ("Plaintiff"), brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### II.    JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

### III. VENUE

3. Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and §1402(b), where the plaintiff resides and the defendant CITY of NEW YORK maintains its relevant places of business, and where the majority of the actions complained of herein occurred.

### IV. JURY DEMAND

4. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### V. THE PARTIES

5. That at all times hereinafter mentioned, the plaintiff was a resident of the County of the Kings, City and State of New York.

6. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

7. That at all times hereinafter mentioned, the defendant, NEW YORK CITY POLICE DEPARTMENT, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

8. That at all times hereinafter mentioned, defendants NEW YORK CITY POLICE DETECTIVE WILLIAM HORGAN of the 71st PRECINCT ("HORGAN") and NEW YORK CITY POLICE OFFICERS JOHN DOE ("JOHN DOES") 1-4 were and still are employed by the NEW YORK CITY POLICE DEPARTMENT.

9. That at all times hereinafter mentioned, the defendant officers were acting within the scope and course of their employment with the New York City Police Department, and under color of state law.

10. That at all times hereinafter mentioned, all of the actions of defendants HORGAN and JOHN DOES 1-4 alleged herein were done within the scope and course of their employment with the New York City Police Department.

## VI.   STATEMENT OF FACTS

11. On or about the date of May 22, 2014, at approximately 11 o'clock a.m., plaintiff ERROL STAPLE ("STAPLE") was handcuffed and placed under arrest by agents of the New York City Police Department—upon information and belief, defendants JOHN DOE 1-4.

12. Plaintiff was taken to the 71st Precinct, where he was interviewed by defendant DETECTIVE WILLIAM HORGAN ("HORGAN").

13. HORGAN revealed to plaintiff at this time that the arrest was made pursuant to a complaint made by "Shaquana R." (full name withheld for purposes of these pleadings) for an alleged assault that occurred on May 11, 2014 at the premises of 57 Lincoln Road, Brooklyn, New York.

14. At this time, Shaquana R. was known both to plaintiff and defendant HORGAN as an emotionally disturbed person suffering from severe mental illness. To wit, HORGAN state to plaintiff, in sum and substance, "I know this is a bunch of BS and that you had nothing to do with it."

15. In short, HORGAN admitted to plaintiff that he knew the complaining witness not to be credible, and that any allegations made by Shaquana R. against the plaintiff were lacking in any merit.

16. Upon information and belief, the complaining witness Shaquana R. was known not only to defendant HORGAN, but to most of the officers of the 71st Precinct as a person given to manic episodes, violent, psychotic outbursts, and numerous false complaints for imagined or fabricated offenses by others in the neighborhood.

17. In addition to signs of mental illness, the complaining witness showed obvious signs of drug addiction and a complete disconnection from reality.

18. Despite the lack of probable cause to arrest or charge plaintiff STAPLE with a crime, plaintiff was then maliciously prosecuted by and at the direction of HORGAN, as well as other agents, servants and/or employees of the New York City Police Department and officers affiliated with the 71th Precinct.

19. Plaintiff was then was taken to Kings County Central Booking, finger printed, photographed, and informed that he was being charged with, *inter alia*, Assault in the Third Degree, Menacing in the Second Degree, and Criminal Possession of a weapon.

20. Claimant's total time of incarceration was approximately 36 hours, in violation of the procedural due process requirements of the New York Constitution.

21. All charges were dismissed against plaintiff on October 8, 2014.

**FIRST CLAIM FOR RELIEF:**
**FALSE ARREST UNDER 42 U.S.C. §1983**

22. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

23. Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

24. As a result of the aforesaid conduct by defendants HORGAN and JOHN DOES 1-4, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

25. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

26. As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**SECOND CLAIM FOR RELIEF:**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983**

27. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

28. Defendant HORGAN and/or one of the other agents of the New York City Police Department initiated the criminal proceeding against plaintiff by filing the criminal court complaint and executing the same under penalty of perjury.

29. The criminal action against plaintiff was dismissed on October 8, 2014 on motion of the Kings County District Attorney's Office.

30. No probable cause ever existed that plaintiff had committed the criminal acts he was accused of or charged with.

31. It was objectively unreasonable for the defendants to charge plaintiff with these crimes, as there was no evidence that he had engaged in any unlawful conduct.

32. Defendants were motivated by actual malice in initiating the criminal action against plaintiff.

33. Plaintiff was required to return to court on numerous occasions between May and October of 2014.

34. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer emotional distress, anguish, anxiety, fear, humiliation, loss of liberty, and damage to his reputation and his standing within his community.

35. As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

## THIRD CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER MONELL ARISING FROM
## UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983

36. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

37. Defendants HORGAN and JOHN DOES 1-4 arrested and detained plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK POLICE DEPARTMENT, all under the supervision of officers of said department.

40. Upon information and belief, the municipal custom and practice instituted by the NEW YORK CITY POLICE DEPARTMENT and implemented by defendant HORGAN and other individually named defendants included arrest

quotas as identified in *Matthews v. City of New York* (779 F.3d 167 2d Cir. 2015)[1].

41. Further, and upon information and belief, the municipal custom and practice instituted by the NEW YORK CITY POLICE DEPARTMENT and implemented by defendant HORGAN and other individually named defendants included the targeting of communities of color, as identified in *Stinson v. City of New York* (10-CV-4228 S.D.N.Y.).

42. The rush to judgment of young men of color by the individual defendants and alacrity with which they arrest and charge young men of color with crimes absent probable cause, is indicative of the implementation of said policies and customs by the NEW YORK CITY POLICE DEPARTMENT of encouraging a high volume of arrests in the City's minority communities.

43. As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

44. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violations of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

45. As a result of the defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

---

[1] NY Times, "Appellate Ruling Supports a Police Whistle-blower in New York." http://www.nytimes.com/2015/02/27/nyregion/appellate-ruling-supports-a-police-whistle-blower-in-new-york.html

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;
    b. Punitive damages;
    c. The convening and empaneling of a jury to consider the merits of the claims herein;
    d. Costs and interest and attorney's fees;
    e. Such other and further relief as this court may deem appropriate and equitable.

DATED:

New York, New York
February 25, 2016

                                            Respectfully submitted,

                                            **The Law Office of**
                                            **Christopher H. Fitzgerald**
                                            *Counsel for Plaintiff*

                                            ____/s/_____
                                            By: Christopher H. Fitzgerald, Esq. (CF7339)
                                            233 Broadway, Suite 2348
                                            New York, NY 10279
                                            (212) 226-2275